FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 19 2012 ★

LONG ISLAND OFFICE

SUMMONS ISSUED
SEYBERT, J
TOMLINSON, M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELIPE CHAVEZ, Individually, and on behalf of all others Similarly Situated

                Plaintiffs,

- against -

WHITE POST WHOLESALE GROWERS, INC. and JOHN BRIGATI,

                Defendant.

Case No.

COMPLAINT

CV 12 1348

## CLASS ACTION COMPLAINT

Plaintiff Felipe D. Chavez, individually and on behalf of all others similarly situated as a class representative, by his attorneys, alleges as follows:

### NATURE OF THE ACTION

1. Defendant White Post Wholesale Growers, Inc., as its name implies, is a wholesaler of plants, flowers, trees, and shrubs. White Post Also sells top soil, plant and tree care products, and construction materials. Although a small portion of the products sold are "grown" by White Post, almost all products sold by White Post are shipped from other states, and are simply re-sold by defendant.

2. White Post has several locations on Long Island, and employs at least 40 workers in the "peak" season (May-August).

3. Plaintiff and others similarly situated are laborers working at several locations on Long Island, whose duties include transporting, handling, watering, maintaining, planting and caring for trees, plants, and shrubs, as well as handling of other products and supplies sold by White Post.

4. Throughout the relevant period, it has been White Post's policy to deprive these laborers of earned wages. In order to avoid paying their workers premiums for hours they worked in excess of 40 in a workweek, White Post has uniformly paid all overtime, in cash, at the regular rate of pay, rather than at the overtime rate. These laborers regularly worked in excess of 40 hours per week.

5. In addition, in order to avoid paying the fair wages earned, the defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour (shaving), resulting in the deprivation of workers of their fair and just compensation.

6. By the conduct described in this Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), as well as New York's wage and hour laws, by failing to pay their employees, including Plaintiffs, proper overtime wages as required by law. These violations arose out of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

7. Plaintiff brings this action on behalf of himself and similarly situated current and former White Post laborers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

8. Plaintiff also brings this action on behalf of himself and all similarly situated current and former White Post employees under Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, and New York common law.

## THE PARTIES

### *Plaintiff Felipe Chavez*

9. Plaintiff Chavez is an adult individual who is a resident of Suffolk County, New York. Mr. Chavez was employed by Defendant as a laborer from May 2011 through December 2011.

10. Mr. Chavez is a covered employee within the meaning of the FLSA, and the NYLL.

### *Defendants*

11. Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the facilities and offices in which Plaintiffs worked, including the payroll and other employment practices therein.

12. White Post Wholesale Growers, Inc. is a New York Corporation with a principal place of business (and corporate headquarters), located at 400 West Pulaski Road, Huntington, New York 11743.

13. John Brigati is the president of White Post Wholesale Growers, Inc. He acted on behalf of White Post, and inter alia supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

14. Defendants functioned as the "employer" of Plaintiffs as that term is used in all relevant laws.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred within the Eastern District.

## CLASS ACTION ALLEGATIONS

### The New York Class

19. Mr. Chavez brings the Second, Third, and Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all laborers who have worked for Defendant since March 15, 2008, and the date of final judgment in this matter (the "New York Class").

20. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

21. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

22. Upon information and belief, the size of the New York Class is at least 50 workers.

23. Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

24. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. whether Defendants failed to keep true and accurate time records for all hours worked by the Plaintiff and the New York Class;

    b. whether Defendants failed and/or refused to pay the plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    c. whether the Defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour worked ("shaving");

    d. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

e. whether Defendants' policies of "shaving" and failure to pay overtime at the overtime rate were engaged in willfully or with reckless disregard of the statute.

25. The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the New York Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, and "shaving." Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

26. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the New York Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

27. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### *Collective Action Allegations*

29. Plaintiff brings the FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Defendant to opt-in to this action (the "FLSA Collective").

30. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

31. All of the work that Plaintiff, the New York Class Members, and the FLSA Collective Members (collectively "Class Members") have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

32. Upon information and belief, it has been Defendant's uniform policy and pattern or practice to pay overtime in cash at the regular rate of pay, and to "shave" the hours of the plaintiff and Class Members in violation of the provisions of the FLSA and state wage and hour laws.

33. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws. This policy and pattern or practice includes but is not limited to:

a. willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week, and instead paying all overtime at the "regular rate", in cash; and

b. rounding down the hours paid to the nearest hour ("shaving.").

34. Upon information and belief, Defendants were or should have been aware that state and federal law required it to pay employees an overtime premium for hours worked in excess of 40 per week,

35. The defendants paid overtime hours in cash at the regular rate with the intent to evade state and federal wage laws.

36. The defendants' unlawful conduct described in this complaint was arbitrary, unreasonable and in bad faith.

37. The defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF'S FACTUAL ALLEGATIONS

38. Mr. Chavez' primary duties included manual labor and the use of forklifts and machinery to transport products and materials.

39. Mr. Chavez regularly worked more than 40 hours per workweek.

40. Mr. Chavez regularly worked for time periods of 5 minutes to 20 minutes past the hour.

41. Pursuant to the defendants' uniform practice, Mr. Chavez was not paid the overtime premium for hours he worked in excess of 40 hours per week, and instead was compensated, in cash at his regular rate of pay.

42. Pursuant to the defendants' uniform practice, Mr. Chavez' hours were "shaved" by rounding down to the nearest whole hour.

43. Defendants failed to keep accurate records of Mr. Chavez' hours worked.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

### On behalf of Plaintiff and the FLSA Collective

44. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

46. At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

48. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant White Post's employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and defendant has at least $500,000 of annual gross volume of sales made.

50. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. The defendants employed the FLSA Collective as an employer.

52. Defendant failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

53. Defendant failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

54. Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

55. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

56. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### AGAINST WHITE POST WHOLESALE GROWERS, INC.

### New York Labor Law Article 19, §§ 650 et seq., and the supporting

### New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142

### On behalf of the New York Plaintiffs and the New York Class Members[1]

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendant White Post engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

60. At all times relevant the Plaintiff and the members of the New York Class have been employees and Defendant White Post has been employer within the meaning of the NYLL.

61. The Plaintiff and the members of the New York Class are covered by the NYLL.

62. White Post Wholesale Growers, Inc. employed the New York Plaintiffs and the New York Class Members as an employer.

63. Defendant failed to pay the Plaintiff and the New York Class Members' overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142. Defendant failed to pay Plaintiff and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay.

---

[1] Plaintiffs intend on availing themselves of the enforcement provisions of New York Business Corporation Law §630(a) in the event that an eventual judgment against the defendant Corporation is unsatisfied, and if White Post Farms, Inc. is a closely held corporation.

64. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Class Members.

65. Defendant's violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

66. Due to Defendant's violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from Defendant their unpaid overtime wages and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### Unjust Enrichment under New York Common Law

67. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth herein.

68. Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff and the New York Class Members.

69. Defendants are liable to Plaintiff and New York Class Members in the amount of compensation unlawfully withheld from them.

## FOURTH CAUSE OF ACTION

### Breach of Contract under New York Common Law

70. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

71. Plaintiffs and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

72. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

73. Specifically, Defendants agreed to pay Plaintiffs a certain rate of pay for all hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

74. By failing to pay Plaintiffs for all time worked and/or at their proper overtime rate, Defendants breached their contract of employment with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant as laborers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid wages;

C. An additional and equal amount as liquidated damages under the FLSA;

D. Certification of the state law claims in this action as class actions and that the case proceed as a collective action as to the FLSA claims. (Plaintiffs reserve the right to plead individual state law wage claims for individuals who have joined this action and put Defendant on notice that they may seek to do so);

E. Designation of the Plaintiff as Class Representative;

F. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

G. Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

H. An award of liquidated damages under state law;

I. Restitution;

J. Pre-Judgment and Post-Judgment interest, as provided by law;

K. Attorneys' fees and costs of suit, including expert fees; and

L Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: Glen Cove, New York
March 14, 2012

                    Respectfully submitted,
                    STEVEN J. MOSER, P.C.

                    BY: Steven John Moser
                    1 School Street, Suite 303
                    Glen Cove, NY  11542
                    (516) 671-1150
                    (800) 597-6958
                    F (516) 882-5420
                    sjm@stevenjmoser.com
                    **Attorneys for Plaintiff and the Putative Class**