```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FELIPE CHAVEZ,

                        Plaintiff,
                                                    ORDER
            -against-                               12-CV-1348(JS)(AKT)

WHITE POST WHOLESALE GROWERS, INC.
and JOHN BRIGATI,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Steven John Moser, Esq.
                   1 School Street, Suite 303
                   Glen Cove, NY 11542

For Defendants:    Vincent T. Pallaci, Esq.
                   Lawrence A. Kushnick, Esq.
                   Kushnick & Associates, P.C.
                   445 Broad Hollow Road, Suite 124
                   Melville, NY 11747
```

SEYBERT, District Judge:

Plaintiff Felipe Chavez ("Plaintiff") commenced this action on March 19, 2012 against Defendants White Post Wholesale Growers, Inc. and John Brigati ("Defendants") asserting claims for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650, et seq. In or before September 2012, the parties attempted to settle this action privately, and on September 21, 2012, they filed a stipulation of dismissal and asked the Court to retain jurisdiction over the settlement agreement. (Docket Entry 13.)

On September 26, 2012, the Court rejected the stipulation and stated that "[i]f the parties wish to resolve this case through settlement, they must submit to the Court (by filing on the public docket) a copy of the proposed settlement agreement" for approval. (Docket Entry 14.) Presently before the Court is the parties' proposed Settlement Agreement & General Release (the "Proposed Settlement Agreement") filed on November 8, 2012. (Docket Entry 15.)[1]

"Stipulated settlements in a[n] FLSA case must be approved by the Court in the absence of the direct supervision of the Secretary of Labor." Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (report and recommendation), adopted by 2010 WL 2545472 (E.D.N.Y. June 18, 2010); see also Wolinsky v. Scholastic Inc., --- F. Supp. 2d ----, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012) ("[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement."). In determining whether to approve a settlement of FLSA claims, the court must scrutinize

---

[1] The Court gave the parties thirty (30) days to submit their proposed settlement agreement. In contravention of the Court's order and without seeking an extension of time, the parties filed the Proposed Settlement Agreement almost two weeks after the deadline.

2

the agreement to determine whether it is fair and reasonable. Wolinsky, 2012 WL 2700381, at *1 (collecting cases). The Court, however, is unable to do that here because the parties have failed to "provide the [C]ourt with enough information to examine the bona fides of the dispute." Id. (internal quotation marks and citation omitted).

Accordingly, it is hereby ORDERED that within thirty (30) days of the date of this Order, the parties shall provide the Court (jointly or otherwise) with additional information, including, but not limited to: (i) an affidavit from Mr. Chavez detailing the amount of wages he believes he is due and why and attaching any documentary evidence in Plaintiff's possession in support of his damages figure, see id. at *2 (noting that the court must consider "the plaintiff's range of possible recovery" and "the seriousness of the litigation risks faced by the parties"); (ii) an affidavit from Mr. Moser explaining why he believes that $9,208.26 in attorney's fees--an amount equal to more than one third of the overall recovery--is reasonable and attaching any documentary evidence in his possession, such as a retainer agreement and billing records, in support of such figure, see id. (noting that "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award" (collecting cases)); and (iii) legal authority justifying the

3

inclusion of a confidentiality provision in the Proposed Settlement Agreement, see Bouzzi v. F & J Pine Rest., L.L.C., 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) (stating that "confidentiality contravenes the legislative intent of the FLSA"); Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. 2011) (noting that "several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions" (collecting cases)).

The Court is compelled to address one additional point. Defendants ask the Court to approve the Proposed Settlement Agreement, in part, because "[t]he settlement amounts set forth in the agreement have already been delivered to plaintiff's counsel." (Wischhusen Aff. ¶ 6.) This, however, actually weighs against approving the Proposed Settlement Agreement as it highlights counsels' ignorance of the applicable law and the parties' rights thereunder. Counsel for Plaintiff, who is an experienced FLSA attorney and is well-aware that the Proposed Settlement Agreement needed court approval to be binding and enforceable,[2] is ORDERED to immediately return the

---

[2] See, e.g., Zaldivar v. Anna Bella's Cafe, L.L.C., No. 11-CV-1198 (Docket Entry 16) (proposed settlement agreement submitted by Mr. Moser on April 12, 2012 for judicial approval in an FLSA action); Castro v. Jaidan Indus., Inc., No. 10-CV-2154 (Docket Entry 70) (proposed settlement agreement submitted by Mr. Moser on April 18, 2012 for judicial approval in an FLSA action);

4

funds in their entirety or risk being sanctioned by this Court and/or referred to the Attorney Disciplinary/Grievance Committee. Counsel for Defendants is directed to notify the Court in writing upon receipt of such funds.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: December 18, 2012
       Central Islip, NY

---

Peralta v. Soundview at Glen Cove, Inc., No. 11-CV-0767 (Docket Entry 21) (order dated July 26, 2012 rejecting a stipulation of dismissal signed by Mr. Moser in an FLSA action and ordering the parties to submit the proposed settlement agreement for court approval); Aguilar v. Equinox Holdings, L.L.C., No. 12-CV-1007 (Docket Entry 11) (proposed settlement agreement submitted by Mr. Moser on October 3, 2012 for judicial approval in an FLSA action).